UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Eugene L. Lucas and Valerie D. Lucas            NOTICE OF HEARING AND
                                                MOTION FOR RELIEF FROM
                                                <u>AUTOMATIC STAY</u>

                        Debtors

Chapter 13, Case No. 10-31638

-----------------------------------------

TO:   Eugene L. Lucas and Valerie D. Lucas, INCLUDING TRUSTEE AND OTHER INTERESTED PARTIES

1.   U.S. Bank, N. A. as serviced by National Default Servicing Corporation, (*Movant*), by its undersigned attorneys, moves the Court for the relief requested below and gives notice of hearing herewith.

2.   The Court will hold a hearing on this motion at 1:30 pm on October 20, 2010, in Courtroom 2B, 316 North Robert Street, St. Paul, MN 55101 or as soon thereafter as counsel can be heard.

3.   Any response to this motion must be filed and delivered not later than on October 15, 2010, which is five days before the time set for the hearing (including Saturdays, Sundays, and Holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.   This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rules of Bankruptcy Procedure 5005 and Local Rule 1070-1, and is a core proceeding.  The petition commencing this Chapter 13 case was filed on March 11, 2010.  The case is now pending in this court.

5. This motion arises under 11 U.S.C. § 362 and Federal Rules of Bankruptcy Procedure 4001. This motion is filed under Federal Rules of Bankruptcy Procedure 9014 and Local Rule 9013. Movant requests relief with respect to a mortgage lien encumbering real property of Debtors.

6. Debtors above-named are the owners of certain real property located at 8120 Hornell Avenue South, Cottage Grove, MN 55016, legally described as follows, to-wit:

Lot 14, Block 4, Thompson Grove Estate 6th Addition

7. The indebtedness of Eugene Lucas and Valerie Lucas is evidenced by a Promissory Note and Mortgage dated December 12, 2005, filed of record in the Washington County Recorder's office on February 1, 2006, and recorded as Document No. 3567275. Said mortgage was subsequently assigned to Movant.

8. Movant has filed a Proof of Claim for delinquent payments for the months of August 1, 2009 through March 1, 2010. The Plan has was confirmed on June 10, 2010.

9. Pursuant to said Plan, the Debtors were to maintain monthly payments due and payable pursuant to the indebtedness to Movant outside the Plan.

10. The Debtors have failed to pay the monthly payments on the indebtedness, outside the Plan for the months of May 1, 2010 to the September 1, 2010 for a total delinquency of $6,407.95 together with reasonable attorneys fees and costs incurred pursuant to the terms of the note and mortgage. As of the hearing date the next payment for October 1, 2010 will also be due.

11. By reason of the foregoing, Debtor is in default on payments under the note, mortgage and Chapter 13 Plan. The Movant desires to protect its interest in the aforementioned

property and requests the Court to vacate the stay of actions and allow foreclosure pursuant to Minnesota law.

      12. The Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forebearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the debtors via telephone or written correspondence to offer such an agreement.

Dated: September 22, 2010

                      USSET, WEINGARDEN & LIEBO, P.L.L.P

          By:   /E/ Paul A. Weingarden/Brian H. Liebo
                Paul A. Weingarden, #115356
                Brian H. Liebo #277654
                Attorney for Movant
                4500 Park Glen Road, #300
                Minneapolis, MN 55416
                (952) 925-6888

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Eugene L. Lucas
and Valerie D. Lucas
    Debtors

Chapter 13
Case No. 10-31638

**AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF**

I, Olivia Todd, being first duly sworn on oath, deposes and states:

1. I am an employee of National Default Servicing Corporation as authorized servicer for US Bank, N.A., ("Movant"), and hereby make this Affidavit in such capacity.

2. I have reviewed the account records relating to the debtor's mortgage loan, account ending in 1514 covering the real property located at 8120 Hornell Avenue South, Cottage Grove, Minnesota 55016 in Washington County, legally described as follows:

    Lot 14, Block 4, Thompson Grove Estate 6th Addition

3. Movant is the holder of a mortgage on the above described property in which debtor has an interest. The indebtedness of debtor(s) is secured by the mortgage, which is dated December 12, 2005 executed by the original mortgagor(s), Eugene L. Lucas and Valerie D. Luca in the original principal amount of $215,687.00. A true and correct copy of the Mortgage is attached to this Affidavit as Exhibit A.

4. A true and correct copy of the Note is attached to this Affidavit as Exhibit B.

5. The mortgage was subsequently assigned to US Bank, N.A. A copy of that assignment is attached to this Affidavit as Exhibit C.

6. The current tax-assessed value of the property is $184,700.00. An on-line print-out of the county tax page for the property is attached to this Affidavit as Exhibit D.

7. The loan history, indicating all advances made to or charges of any kind made against the debtor(s) beginning on the date of the default applicable to this motion, is provided on Local Form 4001-1 attached to this Affidavit as Exhibit E.

8. Debtor(s) are delinquent on obligations to Movant in that Debtor(s) failed to make their installment payments when due and owing pursuant to the terms of the above-described Note and Mortgage.

9. That as of August 27, 2010, the following amounts were owing on this account:

| | | |
|---|---|---:|
| Unpaid Principal: | $ | 206,065.04 |
| Interest through 9/1/10: | $ | 14,231.36 |
| Attorney's Fees | $ | 650.00 |
| BK Filing Fee | $ | 150.00 |
| Late Charges: | $ | 256.32 |
| Escrow Advance: | $ | 1,987.36 |
| FCL Fees/Costs: | $ | 1,537.00 |
| Pre-Petition Legal Fees: | $ | 300.00 |
| Property Inspections: | $ | 80.00 |
| Suspense: | $ | (402.32) |
| NSF Fees: | $ | 20.00 |
| | | |
| TOTAL | $ | 224,874.76 |

10. This Affidavit is given in support of the motion of US Bank, N.A., its successors, and/or assigns, for relief from the automatic stay.

National Defautl Servicing Corp.
As authorized servicing agent for
US Bank, N.A.

By: _____

Its: President

Subscribed and sworn to before me this

20th day of September 2010

_____
Notary Public

Pamela Cardy
Notary Public - Arizona
MARICOPA COUNTY
My Commission Expires
JUNE 8, 2011

3567275

Office of the
County Recorder
Washington County, MN

Certified filed and/or recorded on:
2006/02/01   4:13:00 PM

3567275



Cindy Koosmann
County Recorder

**WASHINGTON COUNTY**
Receipt No: 231963   Date: 12/28/2005
Registration tax hereon of: $496.08 PAID
MN Conservation Fund M.S. 473h $5.00 PAID
Molly F. O'Rourke, Auditor by BFReichstadt

Tax Parcel ID#: _____ 4/6
LOAN NO.: [redacted]   [Space Above This Line For Recording Data]

# MORTGAGE

MIN: 1001375100000226334
FHA Case No.
271-9232869-703

    THIS MORTGAGE ("Security Instrument") is given on   DECEMBER 12, 2005   . The mortgagor is EUGENE L. LUCAS AND VALERIE D. LUCAS, HUSBAND AND WIFE

whose address is   8120 HORNELL AVENUE SOUTH, COTTAGE GROVE, MN 55016   ("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of PO Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**LAKELAND MORTGAGE CORPORATION**

("Lender")
is organized and existing under the laws of   THE STATE OF MINNESOTA
and has an address of   8300 NORMAN CENTER DR., STE 240, BLOOMINGTON, MN 55437
Borrower owes Lender the principal sum of
**TWO HUNDRED FIFTEEN THOUSAND SIX HUNDRED EIGHTY-SEVEN AND 00/100**
Dollars (U.S. $   215,687.00   ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on   JANUARY 1, 2036   . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in
WASHINGTON   County, Minnesota:
LOT 14, BLOCK 4, THOMPSON GROVE ESTATE 6TH ADDITION

MINNESOTA - Single Family - FHA Security Instrument
Form 94124 1/96
Laser Forms Inc. (800) 446-3555
LFI #FHA94124-MERS 7/01   Page 1 of 7   Initials: _____

Exhibit A

which has the address of   8120 HORNELL AVENUE SOUTH, COTTAGE GROVE
[Street]                                                                                                [City]
Minnesota        55016        ("Property Address");
              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property". Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds".

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider  ☐ Growing Equity Rider
☐ Graduated Payment Rider  ☐ Planned Unit Development Rider
☐ Other [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____  _____ (Seal)
                            EUGENE L. LUCAS          -Borrower

_____  _____ (Seal)
                            VALERIE D. LUCAS         -Borrower

_____  _____ (Seal)
                                                     -Borrower

_____  _____ (Seal)
                                                     -Borrower

―――――――――― [Space Below This Line For Acknowledgment] ――――――――――

STATE OF MINNESOTA,            WASHINGTON                County ss:

On this  12th  day of  December, 2005  , before me appeared
EUGENE L. LUCAS AND VALERIE D. LUCAS, HUSBAND AND WIFE

to me personally known to be the person(s) described in and who executed the foregoing instrument and acknowledged that he/she/they executed the same as his/her/their free act and deed.

LINDA KRAEMER
NOTARY PUBLIC - MINNESOTA
My Comm. Expires Jan. 31, 2010

_____
- Notary Public

My Commission expires:

This instrument was prepared by  LAKELAND MORTGAGE CORPORATION
                                 8300 NORMAN CENTER DRIVE, # 240
                                 BLOOMINGTON, MN 55437

(

Tax statement sent to:

MINNESOTA - Single Family - FHA Security Instrument
Form 94124 1/96
Laser Forms Inc. (800) 446-3555
LFI #FHA94124-MERS 7/01          Page 7 of 7

| | **NOTE** | FHA Case No. |
|---|---|---|
| Multistate | | 271-9232869-703 |

**LOAN N**[redacted]

DECEMBER 12, 2005  MIN NO. 100137510000226334
[Date]

8120 HORNELL AVENUE SOUTH
COTTAGE GROVE, MN 55016
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **LAKELAND MORTGAGE CORPORATION,**

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of
**TWO HUNDRED FIFTEEN THOUSAND SIX HUNDRED EIGHTY-SEVEN AND 00/100**
Dollars (U.S. $ **215,687.00** ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **SIX AND THREE EIGHTHS** percent ( **6.375** %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **FEBRUARY 1** , **2006**. Any principal and interest remaining on the first day of **JANUARY 1**, **2036**, will be due on that date, which is called the "Maturity Date."

(B) Place

Payment shall be made at
**8300 NORMAN CENTER DR STE 240, BLOOMINGTON, MN 55437** or at such place as Lender may designate in writing by notice to Borrower.

(C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $ **1,345.61**. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge  ☐ Growing Equity Allonge  ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

FHA Multistate Fixed Rate Note - 10/95

Page 1 of 2    Initials: _[signature]_

Exhibit B

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR** percent ( **4.000** %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
EUGENE L. LUCAS -Borrower

_____ (Seal)
VALERIE D. LUCAS -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

PAY TO THE ORDER OF
**U.S. BANK, N.A.**
WITHOUT RECOURSE
LAKELAND MORTGAGE CORPORATION

_____
BETH SHOBERG, ASSISTANT SECRETARY

Pay to the order of _____
Without Recourse
U.S. Bank N.A.

_____
Teresa Bulver
Vice President

Receipt#: 122526

AM         $46.00

**3776242**



**Certified Filed and/or recorded on:**
1/19/2010   1:25 PM

**3776242**

Return to:
USSET WEINGARDEN & LIEBO PLLP
4500 PARK GLEN ROAD
SUITE 300
ST. LOUIS PARK MN 55416

**Office of the County Recorder
Property Records & Taxpayer Services
Washington County, MN**

*Kevin J Corbid, County Recorder*

ASSIGNMENT OF MORTGAGE

Date:   December 30, 2009

**FOR VALUABLE CONSIDERATION**, Mortgage Electronic Registration Systems, Inc., a corporation under the laws of Delaware, Assignor, hereby sells, assigns, transfers to U. S. Bank, N.A., Assignee, 4801 Frederica Street, Owensboro, KY 42301, the Assignor's interest in the Mortgage dated December 12, 2005, executed by Eugene L. Lucas and Valerie D. Lucas, husband and wife as mortgagor(s) to Mortgage Electronic Registration Systems, Inc. as mortgagee, filed for record in the office of the County Recorder of the County of Washington and State of Minnesota, on February 1, 2006, and recorded as Document No. 3567275, together with all right and interest in the land therein described, and in the note and obligations therein specified, and to the debt thereby secured.

Exhibit C

19-653

Assignor covenants with Assignee, its successors and assigns, that Assignor has good right to sell, assign, and transfer the same.

                                  Mortgage Electronic Registration Systems, Inc.

                                  By: _____
                                        Kim Stewart
                                Its: _Assistant Secretary_

STATE OF    Kentucky           )

COUNTY OF  Daviess            )

The foregoing instrument was acknowledged before me this _7th_ day of _January_, 2010, by _Kim Stewart_ the _Assistant Secretary_ of Mortgage Electronic Registration Systems, Inc., a corporation under the laws of Delaware, on behalf of the corporation.

*[Notary seal: OFFICIAL SEAL, ERICA J. PAYNE, NOTARY PUBLIC - KENTUCKY, STATE-AT-LARGE, My Comm Expires Jan. 7, 2012]*

_Erica J. Payne_
Notary Public

THIS INSTRUMENT WAS DRAFTED BY:
USSET, WEINGARDEN, & LIEBO, P.L.L.P
4500 Park Glen Road #300
Minneapolis, MN 55416
(952) 925-6888
19-653



**Washington County** — Department of Property Records and Taxpayer Services

14949 62nd Street North PO Box 200
Stillwater, MN 55082-0200
(651) 430-6175
www.co.washington.mn.us

# Property Tax Statement
## for Taxes Payable in 2010

*Save for future reference*

**Property ID:** 16.027.21.22.0045
**Bill#:** 403636

**Taxpayer:** EUGENE L & VALERIE D LUCAS
8120 HORNELL AVE S
COTTAGE GROVE MN 55016-3155

**Desc:** THOMPSON GROVE ESTATES 6TH ADD Lot 14 Block 4

**Property Address:** 8120 HORNELL AVE S COTTAGE GROVE MN 55016

**$$$ REFUNDS?** You may be eligible for one or even two refunds to reduce your property tax. Read the back of this statement to find out how to apply.

| Taxes Payable Year: | 2009 | 2010 |
|---|---|---|
| Estimated Market Value: | 195,400 | 184,700 |
| New Improvements/ Expired Exclusions: | | |
| Taxable Market Value: | 45,400 | 34,700 |
| Property Classification: | Res Hstd | Res Hstd |

| | 2009 | 2010 |
|---|---|---|
| 1. Use this amount on Form M1PR to see if you are eligible for a property tax refund. File by August 15. If this box is checked, you owe delinquent taxes and are not eligible. | | 417.91 |
| 2. Use these amounts on Form M1PR to see if you are eligible for a special refund. | 523.58 | |
| **Property Tax and Credits** | | |
| 3. Property taxes before credits | 523.58 | 417.95 |
| 4. Credits that reduce property taxes | | |
|     A. Homestead and Agricultural market value credits | | |
|     B. Other Credits | | |
| 5. Property taxes after credits | 523.58 | 417.95 |
| **Property Tax by Jurisdiction** | | |
| 6. County     A. WASHINGTON COUNTY | 120.26 | 96.42 |
|     B. COUNTY REGIONAL RAIL AUTHORITY | 0.34 | 0.67 |
| 7. City or Town   CITY OF COTTAGE GROVE | 157.23 | 122.89 |
| 8. State General Tax | | |
| 9. School District ISD 833 SOUTH WASHINGTON | | |
|     A. Voter approved levies | 166.32 | 131.89 |
|     B. Other Local Levies | 60.40 | 50.05 |
| 10. Special Taxing Districts | | |
|     A. Metro Special Tax Dists | 11.46 | 9.12 |
|     B. Other Special Tax Dists | 7.57 | 5.82 |
|     C. Fiscal Disparities | | |
|     D. Tax Increment Financing Dists | | |
| 11. Non-school voter approved referenda levies | | 1.09 |
| 12. Total property tax before special assessments | 523.58 | 417.95 |
| **Special Assessments on Your Property** | | |
| 13. Special assessments   Interest:   Principal: 38.05 | 32.42 | 38.05 |
|     SWWS STORMWATER UTILITY-PAY 2010   35.05   COUNTY ENVIRONMENTAL CHARGE PHE DEPT   3.00 | | |
| **14. YOUR TOTAL PROPERTY TAX AND SPECIAL ASSESSMENTS** | 556.00 | 456.00 |

| | | |
|---|---|---|
| FIRST HALF DUE | May 15 | 228.00 |
| SECOND HALF DUE | October 15 | 228.00 |

---

## PAYABLE 2010 2nd HALF PAYMENT STUB

**TO AVOID PENALTY PAY ON OR BEFORE: October 15**

**Property ID:** 16.027.21.22.0045
**Bill #:** 403636

**Taxpayer:**
EUGENE L & VALERIE D LUCAS
8120 HORNELL AVE S
COTTAGE GROVE MN 55016-3155

*Detach at perforation & mail this stub with your 2nd half payment in the enclosed green envelope*

**Res Hstd**

**\*\*ESCROW NOTE\*\*** Your taxes have been sent to escrow agent US BANCORP SERVICE PROVIDERS. If you do not escrow your taxes, please pay the amount indicated in the box.

**MAKE CHECKS PAYABLE TO:**
Washington County
P.O. Box 200
Stillwater MN 55082-0200

**SECOND HALF TAX AMT**
**228.00**

☐ CHECK
☐ CASH

*No Receipt sent. Your cancelled check is proof of payment. Do not send postdated checks.*

02  007  16027212200450  0000022800  5

---

## PAYABLE 2010 1st HALF PAYMENT STUB

**TO AVOID PENALTY PAY ON OR BEFORE: May 15**

**Property ID:** 16.027.21.22.0045
**Bill #:** 403636

**Taxpayer:**
EUGENE L & VALERIE D LUCAS
8120 HORNELL AVE S
COTTAGE GROVE MN 55016-3155

*Detach at perforation & mail this stub with your 1st half payment in the enclosed green envelope*

**Res Hstd**

**\*\*ESCROW NOTE\*\*** Your taxes have been sent to escrow agent US BANCORP SERVICE PROVIDERS. If you do not escrow your taxes, please pay the amount indicated in the box.

**MAKE CHECKS PAYABLE TO:**
Washington County
P.O. Box 200
Stillwater MN 55082-0200

**FIRST HALF TAX AMT**
**228.00**

☐ CHECK
☐ CASH

*No Receipt sent. Your cancelled check is proof of payment. Do not send postdated checks.*

01  007  16027212200450  0000022800  7

# Exhibit D

Lucas                                                                                       **Local Form 4001-1**

**Loan History.** Begin loan history from the date of the first default related to the current default amount that is claimed in the motion.

| Date | Amount Rec'd From Debtor(s) | Monthly Amount Due Principle/Interest | Monthly Amount Due Escrow | Amount Due Late Fees | Amount Due Other Charges* | Description of other Charges |
|---|---|---|---|---|---|---|
| 4/1/2010 | | $1,345.61 | $252.07 | | | |
| 5/1/2010 | | $1,345.61 | $252.07 | $63.91 | | |
| 6/1/2010 | | $1,345.61 | $252.07 | $63.91 | $20.00 | Property Inspection |
| 6/25/2010 | | | | | $20.00 | NSF fee (check 4060 Received 6/14/10) |
| 7/1/2010 | | $1,345.61 | $252.07 | $63.91 | | |
| 7/7/2010 | | | | | $20.00 | Property Inspection |
| 7/7/2010 | $500.00 | | | | | To suspense |
| 7/7/2010 | $500.00 | | | | | To suspense |
| 7/7/2010 | $500.00 | | | | | To suspense |
| 7/7/2010 | $500.00 | | | | | 4/1/10 applied from Suspense |
| 8/1/2010 | | $1,345.61 | $252.07 | $63.91 | | |
| 8/12/2010 | | | | | $20.00 | Property Inspection |
| 9/1/2010 | | $1,345.61 | $252.07 | $63.91 | | |
| 9/8/2010 | | | | | $20.00 | Property Inspection |
| TOTALS | $2,000.00 | $6,728.05 | $1,260.35 | $319.55 | $100.00 | |
| | (a) | (b) | (c) | (d) | (e) | |

\* Any "Other Charge" must be described, itemized by amount and allowed under note and/or mortgage (e.g., inspection fee, appraisal fee, insurance, taxes, etc.)

**Note: Column (b) + (c) + (d) + (e) - (a) must equal the current default amount that is claimed in the motion.**

Attorneys fees and filing fee for the motion, if allowed under
note and/or mortgage and sought by Movant to resolve motion     $700.00

Current Default Amount Claimed in the Motion                    $6,407.95

Escrow Balance (amounts held for payment of taxes, insurance, etc.)   $0.00

Suspense Account Balance (amount of unapplied payments)         -$402.32

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Eugene L. Lucas and Valerie D. Lucas

                                                      <u>MEMORANDUM OF LAW</u>

Debtors

Chapter 13, Case No. 10-31638
-----------------------------------------

      11 U.S.C. Section 362(d) provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under section (a) of this section for cause, including lack of adequate protection of an interest in property of such party in interest. Failure of a Chapter 13 debtor to make post-confirmation payments to a mortgagee is sufficient cause for relief from the automatic stay. <u>Reinbold vs. Dewey County Bank</u>, 942 F.2d 1304 (8th Cir. 1991). Following the debtors' filing of the petition on March 11, 2010 no payment has been made to Movant for the month(s) of May 1, 2010 to September 1, 2010 and as of the hearing date the next payment for October 1, 2010 will also be due. Accordingly, cause exists for the granting of relief from the automatic stay.

      WHEREFORE, U.S. Bank, N.A. as serviced by National Default Servicing Corporation respectfully requests this Court to grant movant relief from the automatic stay of 11 U.S.C. Section 362(a).

Dated: September 22, 2010.

                                           USSET, WEINGARDEN & LIEBO, P.L.L.P.

                             By:   /E/ Paul A. Weingarden/Brian H. Liebo
                                   Paul A. Weingarden, #115356
                                   Brian H. Liebo #277654
                                   Attorney for Movant
                                   4500 Park Glen Road, #300
                                   Minneapolis, MN 55416
                                   (952) 925-6888

U.S. BANKRUPTCY COURT<br>DISTRICT OF MINNESOTA

In Re:

Eugene L. Lucas and Valerie D. Lucas

UNSWORN DECLARATION
FOR PROOF OF SERVICE

Debtors

Chapter 13, Case No. 10-31638
----------------------------------

Alysa Nagan, employed on this date by USSET, WEINGARDEN & LIEBO, attorney(s) licensed to practice law in this court, with office address of Suite 300, 4500 Park Glen Road, Minneapolis, Minnesota 55416, declares that on September 22, 2010, I served the annexed Notice of Hearing and Motion for Relief from Automatic Stay upon each of the entities named below by mailing to them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at Minneapolis, Minnesota, addressed to each of them as follows:

Eugene Lucas
Valerie Lucas
8120 Hornell Avenue South
Cottage Grove, MN 55016

and delivered by email notification under CM/ECF on the day efiled with the court to each of them as follows:

Office of the United States Trustee

Jasmine Z. Keller, Chapter 13 Trustee

Robert J. Everhart, Esq.

/E/     Alysa Nagan
Alysa Nagan

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------
In Re:

Eugene L. Lucas and Valerie D. Lucas                    ORDER

                        Debtors.

Chapter 13, Case No. 10-31638
------------------------------

      This case came before the court on the motion of U.S. Bank, N.A. as serviced by National Default Servicing Corporation, pursuant to 11 U.S.C. Section 362 on October 20, 2010, at the U.S. Bankruptcy Court, St. Paul, Minnesota.

      IT IS ORDERED:

      The automatic stay imposed by 11 U.S.C. 362 is terminated as to the real property over which the movant, its successors and assigns, has an interest under mortgage document no. 3567275, said property legally described as follows, to-wit:

      Lot 14, Block 4, Thompson Grove Estate 6th Addition

      The movant, its successors and assigns, may proceed to foreclose its mortgage in accordance with Minnesota Statutes. Notwithstanding Federal Rules of Bankruptcy Procedure 4001(a)(3), this order is effective immediately

Dated:

                                               Dennis D. O'Brien
                                               United States Bankruptcy Judge